**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-01684-SEP |
| ) | |
| CO1, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

  Before the Court is Plaintiff Joseph Michael Devon Engel's self-represented complaint. Doc. [1]. Under the Local Rules of the Eastern District of Missouri, the complaint is defective because it has not been drafted on the Court-provided form. *See* E.D. Mo. L.R. 2.06(A). Additionally, Plaintiff must either pay the filing fee or file a motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). If a prisoner seeks leave to proceed in forma pauperis he is also required to submit a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). A "certified copy" has been certified by an authorized prison officer that is a true and correct copy.

  Because Plaintiff is proceeding without counsel, the Court will allow Plaintiff the opportunity to file an amended complaint on the Court-provided form. Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth here.

**Instructions for Filing an Amended Complaint**

  Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must submit the amended complaint on a Court-provided form, and the amended complaint must

comply with the Federal Rules of Civil Procedure.  All claims in the action must be included in one, centralized complaint form.  *See* Fed. R. Civ. P. 7(a)(1), 8(a).

      Plaintiff should type or neatly print his amended complaint on the Court's § 1983 civil rights complaint form, which will be provided to him.  *See* E.D.Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").  If the amended complaint is handwritten, the writing must be legible.  In the "Caption" section of the Court-provided form, Plaintiff should clearly name every party he is intending to sue.  Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").  If there is not enough room in the caption, Plaintiff may add additional sheets of paper, but *all defendants* must be clearly listed.  Plaintiff should fill out the complaint form in its entirety.

      In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim.  Fed. R. Civ. P. 8(a).  Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).

      The amended complaint should include only claims that arise out of the same transaction or occurrence.  In other words, Plaintiff should include only claims that are related to each other.  Fed. R. Civ. P. 20(a)(2).  Alternatively, Plaintiff may choose a single defendant and set forth as many claims as he has against that defendant.  Fed. R. Civ. P. 18(a).

      In structuring his amended complaint, Plaintiff should begin by writing a defendant's name.  In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant.  If Plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

      Plaintiff must specify whether he intends to sue each defendant in that defendant's official capacity, individual capacity, or both.  The failure to sue a defendant in the correct capacity may result in the dismissal of that defendant.

      If Plaintiff is suing a defendant in his or her individual capacity, he is required to allege facts demonstrating that defendant's personal responsibility for harming him.  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").  The "Statement of Claim" requires

more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing multiple defendants, it is important that he establish the responsibility of *each separate defendant* for harming him.  In other words, for each defendant, Plaintiff must allege facts showing how *that particular defendant's* acts or omissions violated Plaintiff's constitutional rights.  It is not enough for Plaintiff to make general allegations against all the defendants as a group.  Rather, Plaintiff must describe the role of each named defendant in this case, so that each defendant will know precisely what he or she is accused of doing.  *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  If Plaintiff does not make specific factual allegations against a defendant, that defendant will be dismissed.  If Plaintiff does not file an amended complaint on a Court-provided form within twenty-one (21) days of this Order and according to the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail Plaintiff a copy of the Court's 'Prisoner Civil Rights Complaint' form.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail Plaintiff a copy of the motion to proceed in forma pauperis form for prisoners.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on the Court's form within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the $400 filing fee **or** submit a motion to proceed in forma pauperis within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff files a motion to proceed in forma pauperis, he must also file a certified copy of his prison account statement for the six-month period preceding the filing of the complaint within **twenty-one (21) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice.  If the case is dismissed for non-compliance with this Order, the dismissal will **not** count as a "strike" under 28 U.S.C. § 1915(g).

Dated this 8th day of December, 2020.

                                                                       *Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE