UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | No. 4:20-cv-01684-SEP |
| ) | |
| CO1, et al.,    ) | |
| ) | |
| Defendants.    ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint filed by Joseph Michael Devon Engel (registration no. 1069055), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"). For the reasons explained below, Plaintiff will be given leave to proceed *in forma pauperis*, and this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

When Plaintiff initiated this action on November 23, 2020, he did not file a separate motion for leave to proceed *in forma pauperis*. On December 9, 2020, the Court ordered Plaintiff to file an amended complaint and either to pay the filing fee or to file a motion to proceed in forma pauperis. Doc. [2]. Although Plaintiff has failed to file a motion for leave to proceed without prepayment of the filing fee within the time allotted, the Court will permit him to proceed *in forma pauperis*. In his complaint, Plaintiff states, "I only get $5.00 dollars a month. MODOC, ERDCC been trying to get a copy of my account but can't ever get one." Doc.

[1] at 10.  The Court liberally construes this statement as a request to commence this action without prepayment of the required filing fee and an allegation that he cannot provide a certified copy of his inmate account statement.

Accordingly, the Court will grant Plaintiff leave to proceed *in forma pauperis* and will assess an initial partial filing fee of $1.00.  *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (holding that when a prisoner is unable to provide a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").  Any claim that Plaintiff is unable to pay $1.00 must be supported by a certified copy of his inmate account statement that details his inmate account for the six-month period immediately preceding the filing of the complaint.

## Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  An action is frivolous if "it lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional."  *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).  "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing or disparaging litigants rather than vindicating a cognizable right.  *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999); *see also Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987).  An action is also malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits or contains disrespectful or abusive language.  *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam).  When determining whether an action is malicious, the Court need not look only to the complaint before it but may also look to Plaintiff's other litigious conduct.  *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 680

(2009). Such allegations include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 680-81. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The factual allegations in the complaint must "plausibly suggest an entitlement to relief." *Id.* at 681.

## The Complaint

Plaintiff, who declares himself as a sovereign citizen of Alaska, is a self-represented litigant currently incarcerated at ERDCC in Bonne Terre, Missouri. The instant complaint is one of more than 100 he has lately filed in this Court pursuant to 42 U.S.C. § 1983. Plaintiff prepared his handwritten complaint on ten sheets of notebook paper. Seven pages consist of a list of named Defendants, which include: (1) two correctional officers; (2) Sargent's Job Custody; (3) Lieutenant; (4) Corporal; (5) Captain; (6) Major; (7) Functional Unit Manager; (8) two "CCM"s; (9) Assistant Superintendent; (10) Superintendent; (11) Assistant Warden; (12) Warden; (13) a "CCA;" (14) ERDCC; (15) IPO; (16) IPO Supervisor; (17) Probation and Parole Director; (18) Probation and Parole Assistant Director; (19) Probation & Parole; (20) Missouri Department of Corrections ("MDOC"); (21) MDOC Assistant Director; (22) MDOC Director; (23) Assistant Attorney General; (24) Attorney General; (25) Lieutenant Governor; (26) Governor; (27) Missouri House of Representative; (28) two Missouri Senators; (29) Corizon Health Care Director; (30) Corizon Health Care Assistant Director; (31) Corizon Assistant Superintendent; (32) Corizon Superintendent; (33) Corizon Supervisor; (34) Corizon ERDCC; (35) Corizon Doctor; (36) Corizon Nurse Practitioner; (37) Corizon Registered Nurse; (38) Corizon LPN; (39) Corizon Med Techs; and (40) Corizon Chronic Care. Plaintiff sues all Defendants in their official capacities only.

Plaintiff's allegations are stated in their entirety as follows:

> This is in regards to since [sic] 8-13-20 I have been trying to get my snack bags and my dibetic [sic] meds and still noting [sic]. Feguson said he ordered it when I saw him still here I sit. I am a sourvin [sic] citiz[e]n of Alaska. I should not be treated this way.

Doc. [1] at 9-10. Plaintiff alleges his injuries as "sever[e] pain," "mental raping," and "internal damage." Doc. [1] at 1.

3

For relief, Plaintiff lists each Defendant and requests a separate amount from each individual or entity, with requests ranging from "5 Trillion" to "13,000 Trillion" dollars. Doc. [1] at 9. Plaintiff also seeks "500,000 stocks in Barnes Jewish Hospital, St. Mary's, St. Claire, St. John's, Depaul Missouri Baptist, ATT, Sprint, Charter, Direct TV, Straight Talk, Verizon, T-Mobile, Metro PCS, Boost Mobile, Customer Cellure [sic], and Cricket"; "100,000 shares" in "oil, coal, lead, zinc, gold, silver, steel, precious metals, platinum, diamonds, Dell, Compaq, Gateway, Windows, Apple, Android, Al[]ienware"; a "little league baseball team in Hillsboro, Festus, Desoto, Cedar Hill, High Ridge, Housesprings"; "100,000 stocks in beef, pork, chicken, vegs, fruit, diery [sic], wheat, rice, beans, Facebook, Google, Snapchat, Amazon, and E-Bay"; and "500,000 stocks" in "Snap-On, Mac-Tool, Dewalt, Akita, Maulaukaka, Hascoquarna, Steel, [and] Club Cedet." *Id.* at 9-10.

On December 9, 2020, the Court reviewed Plaintiff's handwritten complaint and found it to be defective because it was not drafted on a Court-provided form pursuant to Eastern District Missouri Local Rule 2.06(A). Doc. [2]. The Court provided Plaintiff with the opportunity to file an amended complaint, which was due on December 30, 2020. Plaintiff neither complied with the Court's Order nor filed a request for additional time. Thus, the Court will review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) as originally filed.

**Discussion**

The Court has carefully reviewed Plaintiff's original handwritten complaint and has determined that it is subject to dismissal. Plaintiff's claims are entirely conclusory. He alleges that he has been denied snack bags and diabetic medication but does not provide the name of the medication he was allegedly denied, when he was denied medication or snack bags, or whether he had been approved for such items. Because Plaintiff's allegations wholly lack factual support, they are not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678; *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Even self-represented plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

Additionally, despite listing over forty defendants, Plaintiff makes no specific allegation against any defendant. Plaintiff does not allege that any prison or medical official knew of or deliberately disregarded any of his objectively serious medical needs. *See Roberts v. Kopel*, 917

F.3d 1039, 1042 (8th Cir. 2019) (to establish constitutionally inadequate medical care, a plaintiff must show that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need).  Plaintiff has neither stated whom he asked for the medication and snack bags, nor identified any particular person or persons who denied his requests.  Plaintiff states, "Feguson ordered it," but Feguson is not a named defendant in this action, and the complaint does not say what was ordered.  Thus, Plaintiff's complaint fails to allege that any individual's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care," as required to demonstrate deliberate indifference.  Furthermore, Plaintiff's ambiguous allegations do not satisfy the 42 U.S.C. § 1983 requirement that Plaintiff establish a Defendant's "causal link to, and direct responsibility for, the deprivation of rights."  *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006).  For these reasons, Plaintiff's deliberate indifference to medical needs claim must be dismissed.

      The complaint is also subject to dismissal for frivolousness.  *Denton*, 504 U.S. at 32-33.  Plaintiff alleges he is entitled to recover trillions of dollars, more than one million stocks with no apparent connection to this action, and six Little League baseball teams because he lacked ready access to snack bags and medication that may or may not have been prescribed to him.  Considered as a whole, Plaintiff's allegations and prayer for relief are "clearly baseless" under the standard articulated in *Denton*, *Id.*, and the complaint must therefore be dismissed.

      Finally, this action is subject to dismissal because it is malicious.  *See Spencer*, 656 F. Supp. at 461-63 (holding an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right).  Plaintiff has filed over one hundred complaints in this Court alleging that his civil rights have been violated by these Defendants and other state and local entities and officials.  Plaintiff submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action.  The nature of those pleadings and Plaintiff's claims for damages are roughly the same as those in the instant action.  It therefore appears that this action is part of an attempt to harass Defendants and others by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right.  *Id.*; *see also In re Tyler*, 839 F.2d at 1294 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits).  Thus, it will be dismissed as malicious as well.

      Plaintiff is cautioned to stop filing meritless lawsuits.  A prisoner who has filed three or more actions or appeals that are dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2)

is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed *in forma pauperis*. in addition, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in Court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power," *Bass v. Gen. Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted), including the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). *See In re Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Doc. [1]) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FINALLY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

Dated this 15th day of January, 2021.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE